**IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **LOCALITY LEAP, LLC,**<br><br>                              **Plaintiff,**<br>v.<br><br>**GROUNDSPEAK, INC.,**<br><br>                              **Defendant.** | Case No. _____<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Locality Leap, LLC, ("Locality Leap" or "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Groundspeak, Inc. ("Groundspeak") makes the following allegations.  These allegations are made upon information and belief.

**NATURE OF THE ACTION**

1.      This is an action against Defendant for infringement of one or more claims of United States Patent No. 6,320,495 ("the '495 Patent").

**PARTIES**

2.      Plaintiff Locality Leap, LLC, is a California limited liability company with its principal office located in California, at 35 Hugus Alley, Suite 210, Pasadena CA 91103.

3.      Defendant Groundspeak, Inc. is a corporation incorporated under the laws of the State of Washington, which can be reached through its agent for service of process, PTSGE Corp, 925 Fourth Avenue, Suite 2900, Seattle WA 98104-1158.

**JURISDICTION AND VENUE**

4.      This patent infringement action arises under the patent laws of the United States, including 35 U.S.C. §§ 271, *et seq.*

5.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § § 1331 and 1338(a) because it arises under United States Patent law.

6.   This Court has personal jurisdiction over the Defendant because it (either directly or through its subsidiaries, divisions, groups or distributors) has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and this district; and/or specifically over the Defendant (either directly or through its subsidiaries, divisions, groups or distributors) because of its infringing conduct within or directed at the State of Texas and this district.

7.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and §1391(c). Defendant is subject to this Court's personal jurisdiction because it offers to sell and does sell the Accused Products identified herein into the State of Texas and in this district. Moreover, Geocaching trails exist in this district evidencing use of the patented technology herein.

**FACTS**

8.   Plaintiff is the owner, by assignment, of U.S. Patent No. 6,320,495 ("the '495 Patent"), entitled "Treasure Hunt Game Utilizing GPS Equipped Wireless Communications Devices," which was duly and legally issued on November 20th, 2001 by the United States Patent and Trademark Office ("USPTO").

9.   A copy of the '495 Patent is attached to this Complaint as Exhibit A.

10.  The claims of the '495 Patent are valid and enforceable.

**COUNT I: CLAIM FOR PATENT INFRINGEMENT
UNDER 35 U.S.C. § 271(a) ('495 PATENT)**

11.  Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 10 of this Complaint as if fully set forth herein.

12.     Defendant makes, has made, sells, offers for sale, uses and/or imports into the United States, location-based games, including without limitation the Geocaching game ("Accused Product(s)").

13.     Each of the Accused Product(s) uses a method of playing a game, involving proceeding from a starting site to an ending site, using a wireless communications system and at least one wireless communications device having a global positioning satellite ("GPS") receiver, as shown at the following websites: geocaching.com/guide and http://support.groundpeak.com//index.php?pg=kb.page&id=53. *See* Exhibit A.

14.     Each of the Accused Products receives at said wireless communications device GPS signals and processes said signals to determine a location of said wireless communications device, as shown at the following website: geocaching.com/guide. *See* Exhibit A.

15.     Each of the Accused Products generates a message responsive to said determined location, and also responsive to at least one previously determined location, such that said message is dependent upon at least one previous determined location as well as the game participant's present determined location, said message including information to assist in finding a next site, as evidenced when playing the game. *See* Exhibit A.

16.     Each of the Accused Products moves to a new location, as evidenced when playing the game.

17.     Each of the Accused Products repeats steps (a), (b) and (c) until arriving at an ending site, as evidenced when playing the game.

18.     Each one of the steps performed by the Accused Product(s), itemized in paragraphs 13-17 above, is a step in Claim 2 of the '495 Patent.

19.     Thus, each of the Accused Products infringes at least Claim 2 of the '495 Patent.

20. Each of the Accused Product(s) includes a game, involving proceeding from a starting site to an ending site, using a wireless communications system, as shown at the following websites: geocaching.com/guide and http://support.groundpeak.com//index.php?pg=kb.page&id=53. *See* Exhibit A.

21. Each of the Accused Products includes at least one wireless communications device having a global positioning satellite ("GPS") receiver and capable of receiving GPS signals and processing said signals to determine the location of said wireless communications device, as shown at the following website: geocaching.com/guide. *See* Exhibit A.

22. Each of the Accused Products includes a message responsive to said determined location and also responsive to at least one previously determined location, such that said message is dependent upon at least one previous determined location, said message including information to assist in finding a next site, wherein the game is a treasure hunt and the object of the game is to utilize said messages to proceed to a particular ending site, as evidenced when playing the game. *See* Exhibit A.

23. Each one of the steps of the Accused Product(s), itemized in paragraphs 20-22 above, is an element in Claim 4 of the '495 Patent.

24. Thus, each of the Accused Products infringes at least Claim 4 of the '495 Patent.

25. Each of the Accused Product(s) includes a method of playing a game, involving proceeding from a starting site to an ending site, using a wireless communications system and at least one wireless communications device having a global positioning satellite ("GPS") receiver, as shown at the following websites: geocaching.com/guide and http://support.groundpeak.com//index.php?pg=kb.page&id=53. *See* Exhibit A.

26. Each of the Accused Products receives at said wireless communications device GPS signals and processes said signals to determine a location of said wireless communications device, as shown at the following website: geocaching.com/guide. *See* Exhibit A.

27. Each of the Accused Products generates a message responsive to said determined location, whether or not said determined location is a predetermined intermediate site, said message including information to assist in finding a next site, as evidenced when playing the game. *See* Exhibit A.

28. Each of the Accused Products moves to a new location, as evidenced when playing the game.

29. Each of the Accused Products repeats steps (a), (b), and (c) until arriving at an ending site, as evidenced when playing the game.

30. Each one of the steps of the Accused Product(s), itemized in paragraphs 25-29 above, is an element in Claim 5 of the '495 Patent.

31. Thus, each of the Accused Products infringes at least Claim 5 of the '495 Patent.

32. Each of the Accused Product(s) includes a game, involving proceeding from a starting site to an ending site, using a wireless communications system, as shown at the following websites: geocaching.com/guide and http://support.groundpeak.com//index.php?pg=kb.page&id=53. *See* Exhibit A.

33. Each of the Accused Products includes at least one wireless communications device having a global positioning satellite ("GPS") receiver and capable of receiving GPS signals and processing said signals to determine the location of said wireless communications device, as shown at the following website: geocaching.com/guide. *See* Exhibit A.

34. Each of the Accused Products includes a message responsive to said determined location, whether or not said determined location is a predetermined intermediate site, said message

including information to assist in finding a next site, wherein the game is a treasure hunt and the object of the game is to utilize said messages to proceed to a particular ending site, as evidenced when playing the game.  *See* Exhibit A.

35. Each one of the steps of the Accused Product(s), itemized in paragraphs 32-34 above, is an element in Claim 6 of the '495 Patent.

36. Thus, each of the Accused Products infringes at least Claim 6 of the 495 Patent.

37. Plaintiff has been, and will continue to be, irreparably harmed by Defendant's ongoing infringement of the '495 Patent.

38. As a direct and proximate result of Defendant's infringement of the '495 Patent, Plaintiff has been and will continue to be damaged in an amount yet to be determined, including but not limited to Plaintiff's lost profits and/or a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

A. In favor of Plaintiff that Defendant has infringed one or more claims of the 495 Patent, either literally or under the doctrine of equivalents;

B. Requiring Defendant to pay Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '495 Patent as provided under 35 U.S.C. § 284, but not less than a reasonable royalty; and

C. For such other and further relief as may be just and equitable.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues and causes of action triable to a jury.

Dated: December 22, 2016                Respectfully submitted,

*/s/ Todd Y. Brandt*
Todd Y. Brandt
State Bar No. 24027051
BRANDT LAW FIRM
222 N. Fredonia Street
Longview, Texas 75606
Telephone:  (903) 212-3130
Facsimile:  (903) 753-6761
tbrandt@thebrandtlawfirm.com

***Attorneys for Plaintiff Locality Leap, LLC***